**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNELL BLEDSOE, | No. 24-2250 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-01071-DAD-JDP |
| v. | MEMORANDUM* |
| MARK ZUCKERBERG, CEO of Facebook & CIA Agent; FACEBOOK, INC., Social Media, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 18, 2025**

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Donnell Bledsoe appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a First Amendment violation. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Bledsoe's action because Bledsoe failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining state action requirement and that private parties are generally not state actors); *see also O'Handley v. Weber*, 62 F.4th 1145, 1156-57 (9th Cir. 2023) (setting forth the two-step framework to analyze state action).

**AFFIRMED.**